PUBLIC ADMINISTRATOR—APPOINTMENT.
　　Under Code Civ. Proc. § 2669, providing that the public administrator shall have the prior right if there is no next of kin entitled to a distributive share of the estate, the public administrator is preferred to the brother of a decedent who left a father in Ireland, but no wife, issue, or descendants; the brother not being entitled to a distributive share.

In the matter of the application for letters of administration on the estate of James A. Gilchrist, deceased. Application denied.

Henry Cooper, for petitioner.
Frederick H. Chase, for William B. Davenport, public administrator.

CHURCH, S. The deceased in this case left a father, residing in Ireland, and who is of full age, but no wife, children, or children's children. Letters of administration were issued to the public administrator. The petitioner herein, a brother, residing in this county, prays that such letters be revoked, and that letters of administration be issued to him, as a blood relative of the deceased. Section 2669 of the Code distinctly provides that the public administrator shall have prior right if there is no next of kin entitled to a distributive share of the estate who are competent and willing to serve. The petitioner herein, not being entitled to a distributive share of his brother's estate, has therefore no rights herein as against the public administrator. The cases quoted by the petitioner herein evidently relate to the public administrator in New York county, where the statute is different, and which have, no doubt, misled him into making this application. There is certainly no good and sufficient reason why a different rule should be applied by the legislature in favor of a public administrator in this county, differing from that of New York county, and there is no good, practical reason why a public official should be preferred to a blood relative in the administration of the affairs of a decedent's estate; but the statute upon this matter is express, and I am constrained to follow the same, and the remedy should be

with the legislature, and not with the court. The motion is therefore denied.

Motion denied.