In the Matter of the Estate of Augusta H. Lohman, Deceased.

Surrogate's Court, New York County, January 21, 1936.

*Smith, Chambers & Clare*, for the petitioner.

*Joseph A. Cox*, for the public administrator, respondent.

Foley, S. The application for the revocation of letters of administration previously issued to the public administrator is denied. Letters were originally granted to him by decree dated January 15, 1935. The question then arose as to the jurisdiction of this court, and specifically as to whether the decedent died a resident of the county of New York or a resident of the State of New Jersey. By my decision (*Matter of Lohman*, 157 Misc. 169) I found jurisdiction in this court on the basis of a domicile in this county. An appeal is pending from that decision.

The application for revocation is denied as a matter of law under the authority of section 22 of chapter 230 of the Laws of 1898, a period of three months having elapsed since the issuance of letters to the public administrator. It is likewise denied because of the practical situation existing in the estate. To revoke the letters of the public administrator at this time would seriously affect the pendency of the appeal. The petitioner who seeks to revoke such letters claims to be a second cousin. The remoteness of this relationship, the possibility of next of kin of a nearer degree of kinship, and the fact that citation has not issued in this proceeding generally to all the next of kin, known or unknown, require that

the application should be denied in the discretion of the surrogate. The removal of the public administrator and the appointment of a new administrator would only add expense and further delay in the administration of the estate.

The rights of the petitioner as one of the next of kin will be amply protected in the final accounting of the public administrator when, after proper service of citation upon all persons possibly interested in the estate, an adjudication may be had as to the persons entitled to distribution. The status of the petitioner should properly be tried and determined in the accounting proceeding.

Submit decree on notice denying the application accordingly.