In the Matter of the Estate of FREDERICK GLASER, Deceased.

Surrogate's Court, New York County, June 30, 1936.

*Elias Lieberman,* for the widow, petitioner.

*Joseph A. Cox,* for the public administrator.

DELEHANTY, S. The public administrator on appropriate petition was appointed on February 25, 1936, administrator of the estate of deceased. That appointment was made following the publication pursuant to law of a notice of the public administrator that he would apply for letters. Letters were granted after the completion of that publication. More than three months after the date of letters so issued, the widow of deceased who had no actual notice of the application now petitions the court to revoke the letters issued to the public administrator and to grant letters to her. Concededly she would be entitled to letters if she had made application prior to May 25, 1936. She claims the right to letters now because of the terms of subdivision 3 of section 21 of chapter 230 of the Laws of 1898. This act states the powers and rights of the public administrator of the county of New York. The court holds that this subdivision 3 of section 21 is inapplicable and that the proceeding is controlled by the provisions of section 22. It should be noted that the powers and authority of the public administrator are very substantial even before the grant of formal letters to him. Section 21 of the act defining his powers is intended to define the conditions under which he will be superseded if it be ascertained that the deceased left a will or that he was resident elsewhere and some other court has jurisdiction over the estate of deceased. Thus if deceased were actually resident of another county the granting of letters in that other county would automatically supersede the public administrator. In the nature of things, however, subdivision 3 of section 21 cannot be applicable to a situation where New York county has jurisdiction and has exercised it by granting letters to the public administrator.

My colleague, Surrogate FOLEY, in *Matter of Lohmann* (N. Y. L. J. Jan. 22, 1936, p. 385; affd., 248 App. Div. 556) held as matter of law that the lapse of three months after the grant of letters to the public administrator barred an application there made for revocation. While it is quite apparent that more than six months had elapsed before the application was made in that case the ruling was based solely upon the lapse of three months. While, therefore, the case may not be controlling authority it at least is an indication of the viewpoint of the courts on the subject. It is argued by the widow that the terms of the statute are inapplicable because she was in fact a resident of New York county and was not cited in her status as widow. She urges that the petition of the public

administrator for letters stated that there was no widow. The notice published by the public administrator was a notice to next of kin generally. It is immaterial whether the petition said that there was a widow or that there was no widow. The fact is that the statutory notice to the widow was given by the public administrator and that in consequence the letters issued to the public administrator were validly issued.

For the reasons stated this application to revoke letters is denied. Submit, on notice, decree accordingly.