In the Matter of the Estate of ISIDORE COHN, Deceased.
Surrogate's Court, Erie County, April 11, 1947.

*Harold D. Conger* for Bertha M. Ephrath, petitioner.

*Edward D. Siemer* and *Samuel Sapowitch,* in person, for Public Administrator.

*Allan M. Lynch* for Annabelle Morris and others.

*Emil Rubenstein* for Dinah Rosen.

*Richard H. Wile* for William Sax and another.

PAUL, S. On January 3, 1947, Isidore Cohn died in the city of Buffalo in what then appeared to be the most humble of circumstances. The Public Administrator of Erie County was thereafter granted letters of administration on his estate. Isidore Cohn appears to have been the last of a line of three brothers and one sister, all of whom predeceased him.

Subsequently, and on January 7, 1947, an order to show cause was obtained by Bertha Morris Ephrath of Dayton, Ohio, directing the Public Administrator to show cause why an order should not be granted revoking the letters granted to him and for an order directing the issuance of letters of administration to the said Bertha Morris Ephrath and Samuel J. Harris. Bertha Morris Ephrath, in her petition, claims to be an aunt of the decedent and his sole distributee. Samuel J. Harris, also a nonresident of the State of New York, claims no relationship to the decedent.

The moving party contends that this court lacked jurisdiction to grant letters to the Public Administrator, in that the allegations of his petition failed to show due diligence to determine the names and whereabouts of possible distributees of the decedent. Bertha Morris Ephrath has caused no citation to issue in this proceeding generally to all next of kin, known or unknown, and has directed the order to show cause solely to the Public Administrator.

The proof before me at the present time establishes that the estate of Isidore Cohn, initially believed to consist of a nominal sum, will, in fact, amount to several hundred thousand dollars and consists of upwards of forty parcels of real property in various states of repair in and about the city of Buffalo, together with numerous and substantial holdings in bank deposits, securities and items of personal property. Many of the assets, including large amounts of cash, discovered by the Public Administrator since the death of Isidore Cohn, have been revealed through an exhaustive search of the premises in which decedent and his brothers and sister resided at the time of death, and which the deceased owners had secured in places not normally used for safekeeping.

It also appears that the publicity given in the press and radio to this matter has caused the Public Administrator to receive several hundred communications from persons who claim relationship to the decedent equal to or closer than that of the petitioner. The Public Administrator further contends a possibility exists that an aunt and uncle of the decedent, Inde Wishnetszky and Rabbi Judel Wishnetszky, may be living in

Europe, who would be distributees of equal interest with the petitioner, Bertha Morris Ephrath, should their continued existence be established through the result of the investigation now being conducted by the Public Administrator. In addition, the Public Administrator has made proof that he has received the claim of one Matilda Cohn, who claims to be a granddaughter of Abraham Cohn, the decedent's father, which, if proven, would preclude the rights of all other claimants mentioned as the distributees of decedent.

There has also been presented to me the claim of one John Simmons, that he is a nephew of Isidore Cohn which, if substantiated, would make him the sole distributee of this estate, unless distributees of closer kinship to the decedent should ultimately be discovered.

It has been stated by the Public Administrator in the argument before me, and not disputed, that the Federal Government will assert a claim for unpaid income taxes covering many years against the decedent and against his collaterals who predeceased him, which would substantially reduce the amounts which will eventually be received by the distributees of Isidore Cohn. This circumstance may ultimately make the United States Government more interested in the proper administration of this estate than any of the distributees.

I am convinced that the petitioner cannot now successfully raise the question of jurisdiction of this court to originally grant letters to the Public Administrator, for the reason that she was not a necessary party to the proceedings wherein the letters were granted. Section 120 of the Surrogate's Court Act provides, with respect to applications for letters of administration, that " Every person being a resident of the state and competent, who has a right to administration prior or equal to that of the petitioner * * * must be cited * * *." Subdivision 3 of section 51 of the Surrogate's Court Act provides that a petition must substantially set forth " So far as they can be ascertained with due diligence, the names and post-office addresses of all the persons interested in the proceeding who are required to be cited upon the application, or concerning whom the court is required to have information; and if the name or post-office address of any of such persons is unknown, the facts which show what effort has been made to ascertain the same."

A study of all the proof before me reveals that no person, including the petitioner, Bertha Morris Ephrath, has presented a claim as distributee of this estate, who was a resident of the

State of New York and thus entitled to notice of the application for letters of administration by the Public Administrator under section 120 of the Surrogate's Court Act. I hold accordingly that the court had jurisdiction to hear such petition and grant letters to the Public Administrator upon the allegations therein contained.

I conclude that under the above statutes, the nonresidence of the petitioner excludes her from those who must be cited in a proceeding for the granting of letters of administration, and that since she was not a necessary party to such proceeding she may not now successfully attack the jurisdiction of the court to make the grant. (*Matter of Heinze,* 179 App. Div. 453, appeal dismissed 222 N. Y. 530; *Matter of Browning,* 153 Misc. 564.)

Since the court had jurisdiction to grant letters to the Public Administrator, the question is presented as to whether or not he should now be removed in favor of the petitioner, Bertha Morris Ephrath.

Section 136-x of the Surrogate's Court Act provides: " If any competent distributee of the deceased shall apply for letters of administration within four months after the public administrator has become vested with the powers of an administrator on the estate letters shall be granted to him upon proof that the applicant did not reside in the county at the time of the death of the intestate or that, residing in the county, he did not receive notice of application by the public administrator and upon the further showing that all persons prior or equal in right have been cited and have defaulted or have waived."

As hereinbefore stated, there is proof before me that relatives of nearer or equal kinship to the decedent may exist, in addition to the petitioner, Bertha Morris Ephrath. Presently these facts have not been substantiated. Neither have they been denied, other than by the statement of the petitioner that she is the sole distributee of Isidore Cohn. No citation has been issued by the petitioner generally to the next of kin, known or unknown, apprising them of her application and I accordingly conclude that she has not met the requirements of section 136-x of the Surrogate's Court Act.

The facts in the case before me are far from the normal situation where the distributees of the decedent are definitely determinable at his death. So long as undetermined claims are made that persons exist who may preclude and rule out the claim of the petitioner, Bertha Morris Ephrath, as distributee of this estate, the Public Administrator should not be

removed. This conclusion is the only practical solution for should one alleged distributee be granted letters in lieu of the Public Administrator at this time, it is by no means a remote possibility that the grant to such person would soon be challenged by other alleged distributees discovered in the future, with the resultant additional expense and delay in final settlement.

This practical approach has been adopted in the past to solve similar situations. In *Matter of Weitz* (N. Y. L. J., March 15, 1944, p. 1023, col. 1; 2 Warren's Heaton on Surrogates' Courts, Supp., pp. 23-24) an application for letters of administration upon the estate of a decedent was made by the latter's sister. The petition revealed that there was a father in Poland who would be the sole distributee of the decedent if he were still living. Because of the war conditions, it was impossible to obtain any authoritative or convincing evidence of his death. The court held that the presumption of his existence applied and that the Public Administrator under section 118 of the Surrogate's Court Act had a right prior to that of the sister since the latter was not a distributee. Letters were issued to the Public Administrator. (See, also, *Matter of Hagan,* 78 Misc. 322; *Matter of Gilchrist,* 37 Misc. 543, affd. 79 App. Div. 637.)

Where there are many different claimants and a complicated factual situation is presented which cannot be immediately determined, the question as to who is entitled to take or share in the estate should be determined on judicial settlement and letters issued to the Public Administrator should not be revoked. (*Matter of Lohman,* 160 Misc. 929, affd. 248 App. Div. 556; *Matter of Glaser,* 160 Misc. 814; *Matter of Mayer,* N. Y. L. J., Jan. 30, 1947, p. 409, col. 4; *Matter of Bart,* N. Y. L. J., Sept. 15, 1943, p. 546, col. 7.)

The orderly and efficient administration of this estate and the ultimate distribution of the assets to those whom the future will show are entitled to the same, has presented and will continue to present many complex problems calling for zeal, initiative and complete impartiality by the representative, coupled with full recognition of and ability to make the many difficult decisions regarding business practice and law which will arise. In order to insure that these results are best accomplished, it is my opinion that the practical solution is to allow the Public Administrator to continue the duties he has undertaken and that to remove him from his position of authority at this time would not only be unwarranted but detrimental

to the interests of those who, upon establishing their claims, will be the ultimate distributees of this estate.

The above viewpoint is not without precedent. In *Matter of Lohman* (*supra*) a similar application was made by a second cousin of the decedent for the revocation of letters previously granted to the Public Administrator of New York County. Surrogate FOLEY, in denying the application on two grounds, stated as one of the bases of his denial (pp. 929–930):

" The petitioner who seeks to revoke such letters claims to be a second cousin. The remoteness of this relationship, the possibility of next of kin of a nearer degree of kinship, and the fact that citation has not issued in this proceeding generally to all the next of kin, known or unknown, require that the application should be denied in the discretion of the surrogate. The removal of the public administrator and the appointment of a new administrator would only add expense and further delay in the administration of the estate.

" The rights of the petitioner as one of the next of kin will be amply protected in the final accounting of the public administrator when, after proper service of citation upon all persons possibly interested in the estate, an adjudication may be had as to the persons entitled to distribution. The status of the petitioner should properly be tried and determined in the accounting proceeding."

For the reasons hereinbefore stated, it is my opinion that in the instant case the interests of justice will best be served by denial of the application of the petitioner Bertha Morris Ephrath, for the revocation of letters herebefore granted the Public Administrator of Erie County, and also denial of her application for the granting of letters to her.

Motion denied and applications dismissed.