Richard J. Shay, J.
On November 18, 1970, letters of administration were issued in the estate of Kim Lucy Thornton, deceased, to Frank L. Greene who was, at that time, County Treasurer of the County of Cortland. There were surviving distributees of this decedent, but none were eligible. Since that date two events have occurred which have resulted in this application in the nature of a request for revocation of Mr. Greene’s letters. On December 1, 1971 Laraine Helen Chorley, a sister of the decedent, became 21 years of age, and on January 1,1972 the said Frank L. Greene’s resignation as County Treasurer became effective. The now eligible Mrs. Chorley petitions for the revocation of the prior letters and her appointment de bonis non.
The petitioner assumes the premise that the status of a County Treasurer and a public administrator is identical and argues that the resignation of the County Treasurer creates a void in the administration of this estate. Various sections of the SCPA, dealing specifically with public administrators, are cited as authority for this position. It is further, and erroneously, argued that there is no Deputy County Treasurer in this county and, therefore, no “ duly qualified successor
Although I do not decide this motion on this basis, I should point out that on January 6, 1970, Mrs. Marjorie Curtis was duly appointed Deputy County Treasurer (Public Officers Law, § 9, and County Law, § 401) and she continues to serve in this capacity. If the petitioner’s premise, that a County Treasurer’s appointment, duties and obligations coincide with those of a public administrator, was valid, the fact of Mrs. Curtis’ appointment would be sufficient to dismiss the petition.
I find, however, that significant differences exist between the roles these two officers are expected to play. I will, in the exercise of discretion, allow Mr. Greene to continue to serve in his individual capacity as administrator for the purpose of bringing the affairs of this estate to a conclusion.
There are no allegations that any cause, as described in SCPA 711, here exists. Nor, returning to the public administrator analogy, are there any provisions within article 12 of *729 the SCPA which would authorize the revocation of “public” letters upon the application of a “private” petitioner once the public administrator has duly qualified. (See, for comparison, SCPA 1121 dealing with public administrators within New York City.) Letters of administration, properly issued, can only be revoked under some power the law has conferred upon the Surrogate. (Matter of McDonald, 211 N. Y. 272; Matter of Orlando, 148 N. Y. S. 270.)
In Matter of Williams (32 Misc 2d 1072), Surrogate Bennett of Nassau County states his opinion that a County Treasurer’s letters are issued in his official capacity, and not to the individual who happens to hold such office at a given time. Nevertheless, the Surrogate recites various instances when an ex-County Treasurer had been allowed to bring the affairs of an estate to a conclusion. It would seem that in these cases such allowance was as a matter of discretion and depended upon the facts of the individual estate.
Without deciding whether I would sustain a challenge to Mr. Greene’s authority if brought by the incumbent County Treasurer, I hold that he may continue to act in this estate, for a reasonable period of time, with a view towards the rapid conclusion of matters still outstanding.
For the reasons outlined, this petition must be dismissed.