Michael A. Telesca, S.
This proceeding was brought by-petitioner James G. Vazzana, the guardian ad litem for unknown distributees, pursuant to SOPA 711, for an order revoking the letters of administration of the estate .of Mary De Bejardino also known as Mary De Berardinis, deceased, issued to Paul Dianetti, on the ground that facts are now known which, had they been known at the time of the granting of letters, objection could have been taken to the appointment, and on the further ground that there is a conflict of interest between Paul Dianetti and the estate due to a plenary action pending in the New York .Supreme Court.
The decedent, Mary De Belardino, was an elderly, illiterate woman. By power of attorney dated February 6, 1970, and recorded in the Monroe County Clerk’s office, the decedent appointed respondent Dianetti her attorney in fact. In a series of five transactions during the period of April 24, 1972 through December 6, 1972, respondent borrowed from a bank a total amount in excess of $65,000. Decedent signed as guarantor of the loans and pledged certain of her securities- as collateral. She, however, received no consideration whatsoever from respondent.
On the same day the last loan was made, December 6, 1972, respondent made a gift of more than half of decedent’s estate to himself as donee by executing a deed of gift as decedent’s attorney in fact. 'Seven days later, on December 13, 1972, decedent died intestate.
Upon-petition dated . December 19, 1972, respondent and Gasper Dianetti, who are both nephews and distributees of the decedent, were issued letters of administration. On April 10, 1973, petitioner was appointed guardian ad litem.
-Subsequently, a trial was held before this court regarding the validity of the. gift of more than half of the estate to respondent pursuant to the deed of gift executed by respondent to himself pursuant to the power of attorney. By order dated January 16, Í974, this court held that the gift was invalid and that the securities which were the subject of the gift were assets of the estate.
• Respondent defaulted in the payment of the loans to the. bank, and, consequently, the bank has executed against the *255 securities which were pledged as security for the loans.- -Respondent thereby became the principal obligor of the estate.' pn January 16, 1974, respondent was served with a summons in a Supreme Court action seeking recovery for the estate of the sum of $67,993.13 owed by respondent to the estate by reason of the loans on which respondent has defaulted.
The petition herein states that the invalid gift, by respondent to himself of more than half of decedent’s estate was contrary to and abusive of his duties as an agent of the decedent. The petition further states that respondent cannot perform his. fiduciary obligations as administrator to give undivided loyalty to the estate since there is a direct conflict of interest with the coadministrator by reason of the substantial obligation alleged to be owed to the estate in the Supreme Court action. Petitioner states that these facts did not come to his attention until, recently.
The answer of respondent raises the affirmative defense of laches and the further defense that the alleged conduct -of respondent is not sufficient grounds for his removal pursuant to SCPA 711, 719..
Letters of administration can only be revoked pursuant to the statutory authority conferred upon the Surrogate. (Matter of Scheu, 29 A D 2d 626; Matter of Thornton, 69 Misc 2d 727.) SCPA 711 (subd. 1) provides that the letters of an administrator may be revoked upon application by a guardian where the administrator was, ‘ ‘ when letters were issued to him * * * ineligible or disqualified to act as fiduciary and the grounds of the objection did not exist or the objection was not taken by the petitioner or a person whom he represents before the letters were granted SCPA 707 (subd. 1, par. [e]) defines a person ineligible to serve as a fiduciary “ one who is incompetent to execute the duties of his office by reason of drunkenness, dis- • honesty, improvidence or want of understanding”. It is apparently on the ground of improvidence that petitioner seeks to have the letters of the respondent revoked herein.
The term improvidence wants of precise meaning, and has been defined as that which would be likely to render the estate unsafe and liable to be lost or diminished. (See Matter of Badore, 73 Misc 2d 471; Matter of Ferguson, 41 Misc. 465.) The; mere fact, without more, that the administrator is involved in litigation with the estate, is indebted to the estate, or is even in a position of conflict of interest does not constitute improvidence which would justify removal. (Matter of Tysen, 245 App. Div. 845; Matter of Israel, 64 Misc 2d 1035; Matter of Weiss, *256 33 Misc 2d 773; Matter of Woodworth, 165 Misc. 770, affd. 254 App. Div. 852.)
Mindful of the above principles, the court, in Matter of Israel (64 Misc 2d 1035, supra) nevertheless ordered the removal of an executor on the ground that a conflict in interest motivated the fiduciary to seek personal advantage and gain at the expense and to the detriment of the éstate. In a situation similar to that in the instant case, the court found that the position of the fiduciary as an executor and the primary obligor for debts secured with estate collateral presented him with an intolerable conflict of interest, and that the executor demonstrated a lack of appreciation of the duties of an executor and justified the conclusion that he had not been faithful to his trust. Likewise, the court, in Matter of Badore (73 Misc 2d 471) found the nominated executor ineligible for letters upon a finding of an intolerable conflict of interest where the nominee had admitted signing and delivering to testatrix promissory notes in the amount of $40,000 but claimed that he was not legally obligated to testatrix for any money at the daté of her death.
In the instant ease, the position of the respondent as an administrator of the estate and as the primary obligor as a result of his default on notes .secured with estate collateral, presents an intolerable conflict of interest. A fiduciary in a position such as this must be acutely aware of his duties and the requisite faith to his trust.
Respondent, however, has demonstrated a lack of appreciation of the trust with which he has been charged. This lack of appreciation is evidenced by his conduct as attorney in fact for the decedent. An attorney in fact is an agent of the principal, and since an agent is a fiduciary, a relationship of trust and confidence exists between him and the principal. Accordingly, the agent must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing (Elco Shoe Mfrs. v. Sisk, 260 N. Y. 100; Polley v. Daniels, 238 App. Div. 181; Bowen v. Merdinger, 196 Misc. 987, affd. 279 App. Div. 1060). Furthermore, an agent is prohibited from acting in any manner which is inconsistent with his agency or trust. It was thus stated in Lamdin v. Broadway Surface Adv. Corp. (272 N. Y. 133,139): “ It is an elementary principle that an agent cannot take upon himself incompatible duties, and characters, or act in a transaction where he has an adverse interest * * * In such a case he must necessarily be unfaithful to one or the other, as the duties which he owes to *257 his respective principals are conflicting, and incapable of faithful performance by the same person.”
A power of attorney, no matter how broadly drawn, cannot be held to encompass an authorization to the attorney in fact to make a gift to himself of the principal’s property. Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest shewing of intent on the part of the principal to make the gift. Not having overcome this presumption, it is evident that respondent breached his fiduciary duty to the decedent when he made a gift to himself of one half of her estate.
It was this breach of fiduciary duty and the substantial amount of self-dealing by respondent as fiduciary of the decedent which has created the intolerable conflict of interest for respondent as fiduciary of the estate. An attorney in fact, in exercising the broad powers granted to him should surely be required to turn especially sharp corners in the discharge of his fiduciary responsibilities, particularly when he stands to benefit personally from his acts or dealings. Accordingly, it is the finding of this court that respondent is ineligible to act as administrator of the estate of decedent upon the ground of improvidence under SOPA 707 (subd. 1, par. [e]) and that the letters granted him should be revoked.
This court is not persuaded by respondent’s defense of laches. While laches may properly be pleaded as a defense to an application to revoke letters (Matter of Glaser, 160 Misc. 814; Matter of Gori, 129 Misc. 541), petitioner did not unduly delay in making this application once he discovered the relevant facts.
Accordingly, the petition is granted, and letters of administration of the estate of Mary De Belardino also known as Mary De -Barardinis, issued to respondent, Paul Dianetti, are hereby revoked.