OPINION OF THE COURT
Alfred J. Weiner, J.
Petitioner commenced this proceeding pursuant to SCPA 2103 seeking the turnover of property of the decedent. Petitioner is the administrator c.t.a. and sole beneficiary of decedent’s estate *945 pursuant to a last will dated June 10, 1999 and codicil dated August 16, 1999 which have been admitted to probate. Respondent Dominick Ferrara is the decedent’s nephew.
Prior to decedent’s death on February 12, 2000, this respondent, as attorney in fact, transferred decedent’s assets in the approximate sum of $820,000 to himself as gifts from his uncle pursuant to a New York statutory short form durable general power of attorney dated January 25, 2000. In addition to the enumerated powers on the form, the following provision was inserted: “This Power of Attorney shall enable the Attorneys in Fact to make gifts without limitation in amount to John Ferrara and/or Dominick Ferrara.”
Pursuant to this court’s order a hearing was held to determine the validity of the decedent’s power of attorney.
Petitioner contends that the transfers of decedent’s assets made by respondent Dominick Ferrara pursuant to the power of attorney are invalid since these transactions involve self-dealing and that the presumption of invalidity has not been rebutted by respondents.
Respondents contend that all assets transferred pursuant to the power of attorney prior to decedent’s death were validly made and, therefore, this proceeding should be dismissed.
General Obligations Law § 5-1501 (1), effective January 1, 1997, pursuant to Laws of 1996 (ch 499), describes what is necessary for a power of attorney to be considered a statutory short form power of attorney. The execution of a statutory short form durable power of attorney shall be duly acknowledged by the principal in the manner prescribed for the acknowledgment of a conveyance of real property. (General Obligations Law § 5-1501 [1].) In order to execute a valid power of attorney, the principal must have sufficient mental capacity at the time of execution. (Russo and Rachlin, New York Elder Law Practice § 3:8, at 102 [2002 ed].)
The court finds that on January 25, 2000, decedent signed and initialed a statutory short form durable general power of attorney in conformance with General Obligations Law § 5-1501 (1) and his signature was duly acknowledged by a notary. The court further finds that decedent was competent when he executed the document. Therefore, the court finds that decedent’s power of attorney was valid.
Prior to the amendment to the General Obligations Law, when an agent made gifts to himself, there was a presumption of *946 impropriety due to the appearance of impropriety and self-dealing. (Mantella v Mantella, 268 AD2d 852 [2000].) This presumption could only be overcome with clear and convincing proof that the principal intended to make the gift. (Estate of Dean, NYLJ, Oct. 25, 1996, at 30, col 6 [Sur Ct, Nassau County].) It was also held that a power of attorney prior to the amendment, no matter how broadly drawn, could not be held to encompass an authorization to the agent to make a gift to himself of the principal’s property. (Matter of De Belardino, 77 Misc 2d 253 [1974].)
Pursuant to General Obligations Law § 5-1501, effective January 1, 1997, the statutory short form power of attorney was amended to include gift giving powers to certain persons up to $10,000 to any such person per year. Sections 5-1502M (construction-certain gift transactions) and 5-1503 (modifications of the statutory short form power of attorney), also effective January 1, 1997, construe the gift giving power to include gift giving to the agent and further authorizes gifts in excess of $10,000 as long as the power of attorney contains express language authorizing gifts in excess of this amount.
The subject power of attorney contained the enumerated power to authorize the agent to make gifts not to exceed $10,000 annually to the principal’s spouse, children, parents and other descendants. It also expressly gave the named agents, John Ferrara, who is decedent’s brother, and Dominick Ferrara, who is decedent’s nephew, the power to make gifts without limitation in amount to themselves. It also provided that only one attorney in fact is required to act on behalf of the principal.
The court finds that when a post-January 1, 1997 power of attorney specifically and expressly authorizes gifting by the agent to himself, the presumption of impropriety no longer applies and the burden of proving the validity of the gift is no longer on the agent. (See Matter of Clinton, 1 Misc 3d 913[A], 2004 NY Slip Op 50056[U] [Sur Ct, NY County]; Russo and Rachlin, New York Elder Law Practice § 3:46, at 130 [2002 ed].)
In this matter, since the power of attorney in question was executed by decedent with the express authority for the agent to make gifts to himself, there is no presumption of impropriety and the burden of proving the invalidity of the gift is on petitioner. Petitioner has failed to demonstrate that the transfers pursuant to the power of attorney are invalid. Therefore, the discovery proceeding commenced by petitioner seeking a return of these assets to the estate is dismissed.
*947 The court notes that in a statutory short form power of attorney, the language conferring general authority to make gifts to certain persons, including the agent, in a sum not to exceed $10,000 per year, shall be made “only for purposes which the agent reasonably deems to be in the best interest of the principal” (General Obligations Law § 5-1502M [1] [emphasis added]). The court suggests that the General Obligations Law be further amended to provide for the same limitation when there is express language in the power of attorney for gifts to an agent in excess of $10,000 per year.