■ In the Matter of the Estate of GEORGE J. FERRARA, Deceased. SALVATION ARMY, Appellant; DOMINICK FERRARA, et al., Respondents. [802 NYS2d 471]—

In a proceeding pursuant to SCPA 2103, inter alia, to disclose and recover certain assets alleged to be a part of the decedent's estate, the Salvation Army appeals from a decree of the Surrogate's Court, Rockland County (Weiner, S.), dated April 15, 2004, which, after a hearing, upon a finding that a power of attorney pursuant to which certain transfers of assets were made was valid, and upon a decision of the same court dated March 31, 2004, dismissed the proceeding.

Ordered that the decree is affirmed, with costs.

"The relationship of an attorney-in-fact to his [or her] principal is that of agent and principal . . . and, thus, the attorney-in-fact must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing . . . Consistent with this duty, an agent may not make a gift to himself [or herself] or a third party of the money or property which is the subject of the agency relationship" (*Semmler v Naples*, 166 AD2d 751, 752 [1990] [citations and internal quotation marks omitted]). " 'Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift' " (*Semmler v Naples, supra* at 752, quoting *Matter of De Belardino*, 77 Misc 2d 253, 256 [1974], *affd* 47 AD2d 589 [1975]; *see Matter of Naumoff*, 301 AD2d 802 [2003]; *Mantella v Mantella*, 268 AD2d 852 [2000]).

The power of attorney signed by the decedent specifically authorized such gifts in accordance with General Obligations Law § 5-1503 permitting modifications to the statutory short-form power of attorney. Further, competent evidence was adduced at the hearing to support the respondents' contention that the decedent specifically authorized the distribution of his funds to the respondent Dominick Ferrara.

The petitioner's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur. [*See* 3 Misc 3d 944 (2004).]