■ VALERIE B. SEMMLER et al., Respondents, v VIRGINIA NAPLES, Individually and as Executrix of ESTHER L. BRUCE, Deceased, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered January 9, 1989 in

Tompkins County, upon a decision of the court, without a jury, in favor of plaintiffs.

Esther L. Bruce (hereinafter decedent) died a resident of Tompkins County on November 30, 1985. Decedent's will, admitted to probate in Tompkins County Surrogate's Court, provided for distribution of decedent's residuary estate in equal shares to her son, Robert J. Bruce, Jr., her daughter, defendant, and three grandchildren, two of whom are plaintiffs in this action. During the month of November 1985 and pursuant to a power of attorney granted by decedent in 1979, Bruce closed out decedent's bank accounts and, on November 25, 1985, placed all of the funds, totaling $74,592.49, in a joint brokerage account in the names of decedent, Bruce and defendant, with right of survivorship. Bruce died December 26, 1985 and plaintiff Shirley Bruce qualified as executor of his estate. Defendant, appointed executor of decedent's estate, claimed title to the transferred funds through survivorship and refused to distribute them under the residuary clause of decedent's will, prompting this action. Following a nonjury trial, Supreme Court granted judgment in favor of plaintiffs, adjudging the transferred funds to be an asset of decedent's estate and directing their distribution in accordance with the terms of decedent's will. Defendant appeals.

We affirm. The record amply supports Supreme Court's determination that the transfer of decedent's funds into the joint brokerage account did not constitute a valid inter vivos gift; in fact, the evidence permits no other conclusion. The relationship of an attorney-in-fact to his principal is that of agent and principal (see, Cymbol v Cymbol, 122 AD2d 771, 772; Matter of De Belardino, 77 Misc 2d 253, 256, affd 47 AD2d 589) and, thus, the attorney-in-fact "must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing" (Matter of De Belardino, supra, at 256; see, Elco Shoe Mfrs. v Sisk, 260 NY 100, 103-104). Consistent with this duty, an agent may not make a gift to himself or a third party of the money or property which is the subject of the agency relationship (see, Moglia v Moglia, 144 AD2d 347, 348; Matter of De Belardino, supra, at 257; 3 NY Jur 2d, Agency, § 195, at 23). "Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift" (Matter of De Belardino, supra, at 257). Here, the record is devoid of evidence of any intention on decedent's part to make a gift in

favor of Robert Bruce or defendant or, for that matter, that she was even aware of the diversion of her funds into the joint brokerage account. The burden having shifted to defendant to establish decedent's intent to make a gift and defendant having failed to come forward with any proof of such intent, Supreme Court properly granted judgment in favor of plaintiffs.

We have considered defendant's remaining contentions and find them to be either unpreserved for our review, academic or meritless.

Judgment affirmed, with costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.