■ In the Matter of the Estate of ROSALIND K. ROTH, Also Known as ROSALIND K. ROTH, Deceased. RICHARD L. RENNERT et al., Respondents; EUNICE MICHAELS et al., Appellants. [724 NYS2d 476] —In a proceeding for the judicial settlement of the account of the co-executors, Richard Lewis Rennert and Ada Zaberto, the objectants, Eunice Michaels and Thomas Michaels, appeal from a resettled order of the Surrogate's Court, Queens County (Nahman, S.), dated December 9, 1999, which, after a hearing, *inter alia,* dismissed their objections to the accounting and directed them, jointly and severally, to pay to the decedent's estate the principal sum of $49,000 and directed Eunice Michaels, individually, to pay to the decedent's estate the additional principal sum of $24,500.

Ordered that the resettled order is modified, on the law and the facts, by (1) deleting from the second and third decretal paragraphs thereof the provisions setting the dates from which the awards of interest shall run, and substituting therefor provisions awarding interest from the respective dates on which each check was presented to a financial institution for payment, and (2) adding thereto a decretal paragraph directing that the objectants be paid their bequests in the principal sum of $25,000 each; as so modified, the resettled order is affirmed; and it is further,

Ordered that the petitioners are awarded one bill of costs.

"A power of attorney proffered by a principal is clearly given with the intent that the attorney-in-fact will utilize that power for the benefit of the principal" (*Moglia v Moglia,* 144 AD2d 347, 348). As a result, an attorney-in-fact may not make a valid gift of the principal's property unless there is a clear showing that the principal intended to make the gift (*see, Mantella v Mantella,* 268 AD2d 852).

Thus, while the attorney-in-fact and her son object to the accounting filed by the executors of the principal's estate, they failed to present sufficient evidence to establish that the principal intended to make gifts to the attorney-in-fact, her son, and her grandchildren (*see, Matter of Lefft,* 44 NY2d 915, 918; *Matter of Szabo,* 10 NY2d 94, 98; *Matter of Platner,* 138 AD2d 490; *Matter of Carroll,* 100 AD2d 337). As a result, the Surrogate properly ordered that the attorney-in-fact and her

son repay the money, with interest, to the executors of the principal's estate (*see,* CPLR 5001 [b]). However, because the principal did not sustain a loss when each check was written, the interest to which the principal's estate is entitled shall be calculated from the date each check was presented to a financial institution for payment (*see,* CPLR 5001 [b]).

Although the attorney-in-fact and her son must repay the money which they contend were gifts from the principal, they are entitled to the bequests set forth in the principal's last will and testament. If they have not yet repaid the money, their bequests may be used to offset what they owe.

The objectants' remaining contentions are without merit. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.