■ LAVERNE J. ANDERSON MARSZAL, as Executor of JESSIE M. ANDERSON, Deceased, Respondent, v LLOYD K. ANDERSON, Appellant. [780 NYS2d 432]—

Spain, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered May 14, 2003 in Otsego County, which granted plaintiff's motion for partial summary judgment, and (2) from an order of said court, entered September 25, 2003 in Otsego County, which denied defendant's motion to dismiss the complaint.

This appeal involves a challenge to defendant's authority, as attorney-in-fact for his late mother (hereinafter decedent), to transfer decedent's property to himself prior to her death. Decedent, who suffered from dementia with moderate impairment of cognitive function, executed a durable power of attorney in December 1995 naming defendant as attorney-in-fact. Shortly thereafter, decedent moved into defendant's home where he cared for her for approximately eight months during 1996. When decedent entered a nursing home near the end of that year, defendant transferred decedent's real property, stocks and other assets to himself. Decedent passed away on January 18, 1998, leaving a will, executed in March 1996, bequeathing her estate to defendant and plaintiff, decedent's daughter, in equal shares.

Thereafter, plaintiff commenced this action, charging defendant with breach of fiduciary duty and unjust enrichment. Plaintiff does not dispute the validity of the power of attorney, but alleges that the conveyances were intended solely to protect decedent's assets from being depleted by nursing home expenses and should have been reconveyed to the estate following decedent's death. Supreme Court granted plaintiff's motion for partial summary judgment on her first and third causes of action and directed defendant to reconvey the assets to decedent's estate. Defendant appealed and moved, in Supreme Court, for an order dismissing the complaint or, alternatively, compelling plaintiff to submit to a deposition and awarding CPLR 3126 sanctions. Supreme Court denied the motion and defendant appeals from that order as well.

We affirm. Absent a specific provision in the power of attorney document authorizing gifts (*see* General Obligations Law

§ 5-1503), an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, "may not make a gift to himself or a third party of the money or property which is the subject of the agency relationship" (*Semmler v Naples*, 166 AD2d 751, 752 [1990], *appeal dismissed* 77 NY2d 936 [1991]). " 'Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift' " (*id.*, quoting *Matter of De Belardino*, 77 Misc 2d 253, 257 [1974], *affd* 47 AD2d 589 [1975]; *accord Matter of Naumoff v Gorgos*, 301 AD2d 802, 803 [2003], *lv dismissed* 100 NY2d 534 [2003]; *see Mantella v Mantella*, 268 AD2d 852, 852-853 [2000]).

Here, the instrument naming defendant as attorney-in-fact does not contain a provision authorizing gifts, and defendant has not offered evidence sufficient to raise a material issue of fact suggesting that he can meet the heavy burden of rebutting the presumption of impropriety by demonstrating " 'the clearest showing of intent' " on decedent's part to make a gift to him of her assets (*Semmler v Naples, supra* at 752, quoting *Matter of De Belardino, supra* at 257). Defendant relies on (1) his own testimony that decedent was angry with and distrusted plaintiff and that decedent authorized him to transfer her assets to himself in the event that she entered a nursing home, (2) the affidavit of defendant's estranged wife wherein she stated that decedent wanted defendant to inherit her entire estate, and (3) the report of the psychiatrist who evaluated decedent and reported, among other things, that she chose defendant to manage her financial affairs because he was better educated and more trustworthy than her daughter.

Turning first to defendant's own deposition testimony regarding decedent's conversations with him, we note that such evidence—excludable at trial as violative of the Dead Man's Statute (*see* CPLR 4519)—could nevertheless be utilized to defeat a motion for summary judgment. However, "[w]here, as here, such evidence is proffered as the sole proof in support of the opposing party's claim, it is deemed insufficient" (*Mantella v Mantella, supra* at 853). Significantly, neither defendant's testimony that decedent authorized the transfers nor the statements made by defendant's wife that decedent wanted to make defendant her sole heir actually indicate that decedent ever expressed an intent to make a lifetime gift of her assets to defendant. Likewise, the psychiatrist's report suggests that decedent felt threatened by plaintiff but the report does not speak at all to her intent to make a lifetime transfer to defendant, much less a gift. Indeed, the November 1995 report

indicates that it was decedent's stated desire—also reflected in her 1996 will—to leave her estate to her children equally. Thus, while the evidence relied upon by defendant may support the theory that decedent trusted defendant more than plaintiff and desired him to transfer her assets to himself for safekeeping during her lifetime, they do not necessarily support the proposition that decedent desired to make a gift of the assets. Even if accepted as true, this evidence would not convey the "clearest showing of intent" required to overcome the presumption of impropriety (*Matter of Naumoff v Gorgos, supra* at 803; *see Mantella v Mantella, supra* at 852-853).

We have considered defendant's contentions that plaintiff is barred from summary relief because she has "unclean hands" and because she improperly refused to sit for a deposition and find them unpreserved for appellate review and lacking in merit.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.