■ In the Matter of the Estate of CAROLINE MASTERSON, Deceased. THOMAS W. MASTERSON, as Executor of CAROLINE MASTERSON, Deceased, Respondent; PHYLLIS McKAY, Appellant. [847 NYS2d 715]—

Crew III, J.P. Appeal from a decree of the Surrogate's Court of Schenectady County (Kramer, S.), entered September 12, 2006, which, among other things, judicially settled the account of petitioner as executor of decedent's estate.

Caroline Masterson (hereinafter decedent) died testate in February 2001, survived by her two adult children, petitioner and respondent. Prior to her death, in or about 1980, decedent executed a durable power of attorney designating petitioner as her attorney-in-fact. In 1997, when decedent's severe arthritis progressed to the point that she was unable to write legibly, petitioner began handling decedent's finances. To that end, petitioner closed decedent's account at Key Bank and, on January 16, 1997, opened three accounts at Hudson River Bank and Trust with the proceeds thereof—a checking account containing $7,910, an account in trust for respondent containing $5,000 and an account in trust for petitioner containing approximately $78,000. Petitioner thereafter paid decedent's bills with checks drawn on the Hudson River checking account. All bills and bank statements were sent directly to decedent's residence, and petitioner testified that decedent remained very involved with her finances and, in essence, supervised his check-writing activities. In addition to paying decedent's bills, petitioner, at decedent's request, wrote checks to himself and to respondent as Christmas gifts.

Upon decedent's death, petitioner was appointed as executor of her estate. In addition to the foregoing accounts at Hudson River, decedent had an account at Fleet Bank in joint trust for petitioner and respondent in the amount of $51,938, 768 shares of General Electric stock worth nearly $36,000, an annuity in the amount of $63,735 naming petitioner as the beneficiary and an annuity in the amount of $38,618 naming respondent as the beneficiary. As executor, petitioner distributed these assets, with the exception of the proceeds from the Fleet Bank account, which he used to pay expenses related to decedent's funeral and the administration of her estate, and thereafter filed his accounting with Surrogate's Court.

Respondent filed various objections in response thereto alleging, among other things, improper gift giving and conversion. Following a trial, Surrogate's Court concluded that while petitioner improperly established the trust accounts at Hudson River, such conduct did not rise to the level of conversion. Accordingly, Surrogate's Court judicially settled petitioner's final account and directed that he be awarded his executor's commission. This appeal by respondent ensued.

We affirm. As to the issue of gift giving, the case law indeed makes clear that "[a]bsent a specific provision in the power of attorney document authorizing gifts, an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, may not make a gift to himself or a third party of the money or property which is the subject of the agency relationship" (*Marszal v Anderson*, 9 AD3d 711, 712-713 [2004] [citations and internal quotation marks omitted]; *see Matter of Naumoff*, 301 AD2d 802, 803 [2003], *lv dismissed* 100 NY2d 534 [2003]). "Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift" (*Semmler v Naples*, 166 AD2d 751, 752 [1990], *appeal dismissed* 77 NY2d 936 [1991] [citations and internal quotation marks omitted]). Here, there admittedly was no specific provision in the underlying power of attorney permitting petitioner to make gifts and, hence, the presumption of impropriety attaches. In our view, however, the testimony adduced at trial more than demonstrated decedent's clear intent to make such gifts. Notably, respondent conceded that she had received monetary gifts from decedent for a number of years prior to decedent's death and, to that end, did receive some checks signed by petitioner. Respondent testified that when she questioned decedent about this, decedent advised that she instructed petitioner to write the checks, and respondent

acknowledged that the checks bearing petitioner's signature were consistent with prior amounts received from decedent. Under such circumstances, we agree with Surrogate's Court that no improper gift giving occurred.

We reach a similar conclusion with regard to respondent's claim of conversion. As to the joint Fleet Bank trust account, petitioner admittedly transferred the proceeds thereof into his personal checking account following decedent's death in order to pay expenses associated with decedent's funeral and the administration of her estate. Petitioner testified, however, without contradiction, that he advised respondent of his intent to do so ahead of time and that she voiced no objections thereto. Of the approximately $51,000 used to fund the account initially, roughly $40,000 remained at the time of trial, and petitioner testified that it was his intent to divide the remaining proceeds with respondent equally. Under such circumstances, no conversion occurred.

Finally, with regard to the three accounts at Hudson River, there indeed appears to be an issue as to decedent's execution of the signature cards for those accounts, which ultimately led Surrogate's Court to conclude that the accounts had been improperly established and the proceeds thereof must be returned to decedent's estate. We agree with Surrogate's Court that the circumstances surrounding the creation of those accounts, while somewhat questionable, do not definitively establish that a conversion took place. Hence, we have no quarrel with the court's rejection of respondent's claim on this point. Respondent's remaining arguments, including her assertion that Surrogate's Court erred in awarding petitioner his commission and denying her request for statutory interest and counsel fees, have been examined and found to be lacking in merit.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decree is affirmed, without costs.