■ In the Matter of AUDREY CARLSON REVOCABLE TRUST. BETTY DALY, as Trustee, Respondent; SOVEREIGN BANK, Appellant. [873 NYS2d 669]—

In a turnover proceeding, inter alia, to compel payment of the balances of specified bank accounts to the Audrey Carlson Revocable Trust, Sovereign Bank appeals from an order of the Surrogate's Court, Richmond County (Fusco, A.S.), dated December 28, 2007, which granted the petition and directed it to pay the balances of the specified bank accounts to the Audrey Carlson Revocable Trust, and awarded the petitioner attorney's fees and costs.

Ordered that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, and the matter is remitted to the Surrogate's Court, Richmond County, for a new determination of the petition following a hearing and further proceedings consistent herewith.

Audrey Carlson maintained two bank accounts with the appellant, Sovereign Bank. On July 30, 2007 Carlson, who was then 82 years old, executed a durable power of attorney form, granting the petitioner power of attorney. On August 14, 2007 using this power of attorney, the petitioner created the Audrey Carlson Revocable Trust (hereinafter the Trust). The Trust was named as beneficiary on Carlson's bank accounts with the appellant. The primary beneficiaries of the Trust were Carlson's heirs at law. The petitioner, using her power of attorney, amended the Trust agreement on October 4, 2007 to name herself as the sole beneficiary of the Trust. Carlson died on October 24, 2007. Thereafter, the petitioner sought to have the appellant pay the balances of the two accounts to the Trust. The appellant refused to do so absent the direction of an estate administrator or executor, or a court order. The appellant contended that it was a stakeholder, and it sought to avoid potential liability to any parties claiming that the petitioner's actions in using the power of attorney granted her by Carlson and naming herself sole beneficiary of the Trust were improper. The petitioner commenced this proceeding, inter alia, to compel the appellant to pay the balances of the accounts to the Trust.

In order to resolve the dispute before it, the Surrogate's Court was required to determine whether the appellant's refusal to honor the demands for payment of the balances of the accounts to the Trust were reasonable. Banks have the duty to exercise good faith and ordinary care (see UCC 4-103, Comment 4). A determination of whether the refusal was proper here necessarily implicated the issue of whether the petitioner acted properly in being granted power of attorney and subsequently naming

herself sole beneficiary of the Trust. Thus, under these circumstances, a determination of the propriety of the appellant's refusal to honor the demands for the payment of the balances of the accounts to the Trust required a determination of the propriety of the petitioner's actions.

"The relationship of an attorney-in-fact to his principal is that of agent and principal" (*Semmler v Naples*, 166 AD2d 751, 752 [1990]). Thus, "the attorney-in-fact 'must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing' " (*id.*, quoting *Matter of De Belardino*, 77 Misc 2d 253, 256 [1974]). "Consistent with this duty, an agent may not make a gift to himself [herself], or a third party of the money or property which is the subject of the agency relationship" (*Semmler v Naples*, 166 AD2d at 752). " 'Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift' " (*id.*, quoting *Matter of De Belardino*, 77 Misc 2d at 257). As the Court of Appeals recently stated, "whether the gift-giving power in a statutory short form power of attorney is limited to the authority spelled out in lettered subdivision (M) in section 5-1501 (1) [of the General Obligations Law], or augmented by additional language in conformity with section 5-1503," the requirement that the attorney-in-fact exercise his or her gift-giving authority in the best interest of the principal remains (*Matter of Ferrara*, 7 NY3d 244, 254 [2006]). Thus, an attorney-in-fact will only be authorized to make gifts to himself or herself to the extent that such gifts are in the principal's best interest (*id.*).

Here, the petitioner, using the power of attorney granted her by Carlson, amended the Trust agreement by naming herself as sole beneficiary, which, in effect, made a gift to herself of money which was the subject of the agency relationship. Thus, this action carried with it a presumption of impropriety and self-dealing (*see Semmler v Naples*, 166 AD2d at 752). We note that the record is insufficiently developed to support any finding as to whether the petitioner, using the power of attorney granted her by Carlson, also caused the Trust to be named as beneficiary of the accounts at issue.

There is no evidence in the record whatsoever addressing whether the petitioner was acting in Carlson's best interest when she amended the Trust, using the power of attorney, to name herself sole beneficiary. There is also no evidence in the record to demonstrate Carlson's intent to, in effect, make a gift

to the petitioner by having her named as the sole beneficiary of the Trust. Similarly, there is no evidence in the record to demonstrate that the petitioner's actions were free from fraud, deception, or undue influence. The only evidence in the record potentially relevant to any intent on the part of Carlson is her signature on the power of attorney form. On this state of the record, the Surrogate's Court improperly granted the petition, without a hearing, and ordered the appellant to pay the balances of the accounts to the Trust (*see generally Matter of Ferrara*, 7 NY3d 244 [2006]; *Semmler v Naples*, 166 AD2d at 752).

Although the appellant's answer raised the issue of whether Carlson's estate and all parties beneficially interested therein should be joined in this proceeding, there is no indication in the record that the Surrogate's Court considered whether these were necessary parties within the meaning of CPLR 1001 (a), and whether, if so, it should permit the matter to proceed without them upon consideration of the factors set forth in CPLR 1001 (b) (1)-(5). Upon remittitur, the Surrogate's Court should reach a determination on this issue.

Under these circumstances, the Surrogate's Court improvidently exercised its discretion in awarding the petitioner attorney's fees and costs, in effect, pursuant to 22 NYCRR 130-1.1. Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.