■ MELISSA WHITE, as Proposed Temporary Administrator, C.T.A., of the Estate of LILA GEORGE, Deceased, Respondent, v CONSTANCE PRIESTER, Appellant. [912 NYS2d 127]—

In an action, inter alia, to set aside a transfer of real property, impose a constructive trust, and direct an accounting, the defendant appeals from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated February 24, 2009, as denied those branches of her motion which were for summary judgment dismissing so much of the complaint as sought to impose a constructive trust and direct an accounting.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as sought to impose a constructive trust and direct an accounting are granted.

In 1997, the defendant was appointed guardian of the person and property of her mother Lila George. Following her appointment, the defendant moved into Lila's residence to care for her.

More than four years later, the defendant made a motion in the guardianship proceeding for court approval to transfer title to Lila's residence to herself on the ground that the transfer would be beneficial for Medicaid and estate planning purposes. The defendant's unopposed motion was granted by order dated November 13, 2002. On November 15, 2002, the defendant, as Lila's guardian, executed a deed transferring title of the subject premises to herself. Lila died shortly thereafter in December 2002. The plaintiff, who is Lila's great granddaughter, claims that neither she nor any of Lila's distributees were aware that title had been transferred to the defendant until the defendant attempted to sell the premises in early 2008. However, the plaintiff admitted in her affidavit that she and other family members discussed their options concerning Lila's estate at the time of her death, and decided to take no action to enforce any rights they might have under a purported will executed in 1984 so that the defendant could continue to live in the premises as compensation for her services as Lila's guardian.

In February 2008 the plaintiff, as the proposed temporary administrator of Lila's estate, commenced this action alleging that the defendant had made misrepresentations to the court in the guardianship proceeding in order to obtain approval to transfer title to the subject premises. The complaint sought, inter alia, to set aside the deed and any mortgages placed on the premises by the defendant, to impose a constructive trust upon the premises for the benefit of the estate distributees, and to require the defendant to account for any rents she had received. The defendant subsequently moved for summary judgment dismissing the complaint in its entirety based, inter alia, upon the doctrine of laches. The Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as sought to set aside the deed and any mortgages based upon the doctrine of laches, noting that the defendant had given a bank a mortgage in September 2006 to secure a loan of more than $700,000, and that setting aside the deed and that mortgage would severely and substantially impair the rights of the mortgagee. However, the Supreme Court denied those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as sought to impose a constructive trust and direct an accounting.

On appeal, the defendant contends that the Supreme Court should have granted those branches of her motion which were for summary judgment dismissing so much of the complaint as sought to impose a constructive trust and direct an accounting

based upon the doctrine of laches. We agree. Laches is an "an equitable bar, based on a lengthy neglect or omission to assert a right and the resulting prejudice to an adverse party" (*Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801, 816 [2003], *cert denied* 540 US 1017 [2003]; *see Matter of Barabash,* 31 NY2d 76, 81 [1972]). The doctrine may be applied in equitable actions where the defendant shows prejudicial delay, regardless of whether the statutory limitations period has expired (*see Saratoga County Chamber of Commerce v Pataki,* 100 NY2d at 816). Prejudice may be demonstrated "by a showing of injury, change of position, loss of evidence, or some other disadvantage resulting from the delay" (*Skrodelis v Norbergs,* 272 AD2d 316, 317 [2000]; *see Matter of Linker,* 23 AD3d 186, 189 [2005]). Here, although the plaintiff was aware that the defendant continued to reside in Lila's former residence after her death in December 2002, she and other family members admittedly made a conscious decision to take no legal steps to secure an interest in Lila's estate, and to leave the defendant's occupancy undisturbed. It is undisputed that in reliance upon her unchallenged ownership of the premises, the defendant maintained the property solely at her own expense, and changed her position to her financial detriment by incurring mortgage debt in excess of $700,000. The plaintiff's deliberate inaction, together with the detriment to the defendant caused by the delay, warrants application of the doctrine of laches (*see Matter of Bryer,* 72 AD3d 532 [2010]; *Rosenstrauss v Women's Imaging Ctr. of Orange County,* 56 AD3d 454, 455 [2008]; *Richardson v Vajiradhammapadip Temple,* 24 AD3d 649, 650 [2005]; *Matter of Linker,* 23 AD3d at 189-190; *Chase Manhattan Mtge. Corp. v Anatian,* 22 AD3d 625, 627 [2005]; *First Nationwide Bank v Calano,* 223 AD2d 524, 525 [1996]; *O'Dette v Guzzardi,* 204 AD2d 291, 292 [1994]). Skelos, J.P., Eng, Belen and Hall, JJ., concur.