Garry, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered July 16, 2012 in Ulster County, which, among other things, granted defendants’ motion for summary judgment dismissing the complaint.
In 2007, Helen Van Alst (hereinafter decedent) opened an individual account and an individual retirement account (hereinafter IRA) at defendant Morgan Stanley Smith Barney, LLC (hereinafter MSSB). Decedent named no joint owners of the individual account and named her estate as the sole beneficiary of the IRA. Defendant Stephen J. Mazzei Jr. was later assigned as the financial advisor for these accounts. In January 2011, plaintiff, who was decedent’s longtime friend and neighbor, took decedent — then 88 years old and suffering from lung cancer — to the hospital. Five days later, while still hospitalized, decedent executed a durable power of attorney — prepared by an attorney — that designated plaintiff as decedent’s agent. Decedent initialed line (P) in the section headed “Grant of Authority,” thus authorizing plaintiff to exercise all of the powers enumerated in that section, but neither initialed the section authorizing plaintiff to make gifts pursuant to a statutory gifts rider, nor executed such a document (see General Obligations Law § 5-1513 [1] [Power of Attorney New York Statutory Short Form (f) (2); (h)]).
Shortly thereafter, plaintiff presented the power of attorney *1116 to defendants and asked to be added to decedent’s individual account as a joint owner and to be listed as the sole beneficiary of the IRA. Based upon decedent’s failure to initial the statutory gifts rider section of the power of attorney, defendants declined to make the requested changes, and Mazzei allegedly advised plaintiff that personal confirmation from decedent was required. Plaintiff later presented defendants with handwritten notes, allegedly signed by decedent, asking to have plaintiff added to the individual account as a joint owner.* However, no changes were made, and decedent passed away several days later.
Plaintiff commenced this action alleging negligence and breach of contract arising out of defendants’ failure to make the requested account changes. Defendants answered, asserting lack of standing and other affirmative defenses. MSSB brought a counterclaim against plaintiff, as well as a third-party complaint for interpleader against, among others, decedent’s sister. Shortly thereafter, defendants moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and cross-moved for denial or a continuance on the ground that further discovery was required. Supreme Court granted defendants’ motion, denied plaintiffs cross motion and dismissed the complaint. Plaintiff appeals.
Whether a defendant owes a duty of care to a plaintiff is a threshold inquiry in a negligence action, as there can be no liability in the absence of such a duty (see Lauer v City of New York, 95 NY2d 95, 100 [2000]; Baker v Buckpitt, 99 AD3d 1097, 1098 [2012]). We agree with Supreme Court that defendants did not owe a duty to plaintiff to make the requested changes in decedent’s accounts. A principal who wishes to authorize an agent to make gifts other than those authorized by General Obligations Law § 5-15021 (14), including gifts by the agent to himself or herself, “must expressly grant such authority ... in a statutory gifts rider” (General Obligations Law § 5-1514 [1]; see General Obligations Law § 5-1501B [2] [a]; Matter of Curtis, 83 AD3d 1182, 1183 [2011]; see also Marszal v Anderson, 9 AD3d 711, 712-713 [2004]). Further, in the absence of a statutory gift rider, an agent may not “add, delete, or otherwise change the designation of beneficiaries in effect for any . . . retirement benefit or plan” (General Obligations Law § 5-1502L [2]). It is undisputed that decedent did not execute a statutory gifts rider or initial the pertinent section of the power of attorney. Thus, plaintiff was without authority to make the requested changes in decedent’s accounts (see General Obligations Law § 5-1514 [4] [b]; see also Matter of Marriott, 86 AD3d *1117 943, 945 [2011], lv denied 17 NY3d 717 [2011]) and, as the power of attorney was not executed in accordance with the statutes applicable to plaintiffs requests, defendants owed her no duty to honor it (see General Obligations Law § 5-1504 [1]).
Alternatively, plaintiff contends that she was acting as a liaison between defendants and decedent, rather than pursuant to the power of attorney. In this respect, she asserts that decedent’s hand-written notes and the forms that decedent allegedly signed to add plaintiff as joint owner of the individual account and beneficiary of the IRA create issues of fact as to whether decedent intended to make the contested changes in her account, and whether defendants breached a duty to act according to her intent. However, even assuming that plaintiff could act for decedent independently of the power of attorney in this fashion, any resulting duty of defendants would necessarily be owed to decedent, not to plaintiff. Moreover, plaintiffs authority to raise any related legal claims on decedent’s behalf under the power of attorney terminated when decedent passed away (see General Obligations Law § 5-1502H [1]; 1511 [1] [a]), and in the absence of such authority, she lacks standing to raise decedent’s legal rights (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773 [1991]). Thus, “plaintiff has wholly failed to demonstrate that defendant [s] breached any legally cognizable duty owed to her,” and her negligence claims were properly dismissed (Poole v Susquehanna Motel Corp., 280 AD2d 764, 765 [2001]).
Upon this appeal, plaintiff’s arguments are primarily addressed to her cause of action for breach of contract, as she asserts that there are material issues of fact as to whether she was a third-party beneficiary of decedent’s contracts with defendants, and whether defendants breached the contracts by refusing decedent’s alleged request to add plaintiff to the accounts. To establish that she was an intended beneficiary, plaintiff is required to show that there was a valid contract, that the contract was intended to provide her with a benefit, and that this benefit was “sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [her] if the benefit [was] lost” (Boyd v Hall, Ltd., 307 AD2d 624, 626 [2003] [internal quotation marks and citations omitted]; see Levine v Harriton & Furrer, LLP, 92 AD3d 1176, 1177 [2012]). The best evidence of an intent to benefit a third party “is to be found in the language of the contract itself’ (Binghamton Masonic Temple v City of Binghamton, 213 AD2d 742, 746 [1995], lv denied 85 NY2d 811 [1995]; see IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355, 1357 [2008], lv denied 11 NY3d 706 [2008]).
*1118 Initially, as Mazzei was not a party to the contracts between decedent and MSSB, Supreme Court properly dismissed this cause of action as to him (see Birch v McGhee, 79 AD3d 1296, 1297 [2010]). As to MSSB, neither of the client agreements for the two accounts mentions plaintiff, and nothing in either of them indicates that they were entered into for her benefit. Decedent designated no one but herself as an owner of the individual account, and that account’s agreement provides that “no one except those signing this agreement has an interest in [this] account.” Similarly, the agreement for the IRA provides that the account “is established for the exclusive benefit of the Individual Participant and his/her Beneficiary or Beneficiaries” and lists only decedent’s estate as a beneficiary. The actions that plaintiff alleges manifested decedent’s intent to make plaintiff a beneficiary of the contracts did not occur until several years later. Thus, there is no indication that the contracts were intended for plaintiffs benefit nor that the legal standards set forth above, including immediacy, were met, and defendants established their prima facie entitlement to summary judgment dismissing the cause of action for breach of contract.
Plaintiff nevertheless contends that issues of fact exist as to whether she is an intended beneficiary in that decedent intended to make an inter vivos gift to her by requesting the account changes. In this regard, she relies upon decedent’s handwritten notes and the applications for account changes that decedent allegedly signed. However, even if these documents— viewed in the light most favorable to plaintiff — raise questions of fact regarding decedent’s 2011 intent, they do not rebut MSSB’s showing that plaintiff was not an intended beneficiary of the 2007 contracts and, thus, that defendants owed her no contractual duty and cannot be held liable to her for any breach of those contracts (see Zelber v Lewoc, 6 AD3d 1043, 1045 [2004]; Teachers Ins. & Annuity Assn. v Tedeschi, 3 AD3d 671, 673 [2004]).
Finally, plaintiff contends that her cross motion to hold summary judgment in abeyance to allow discovery should have been granted. However, plaintiff did not make the requisite “evidentiary showing suggesting that completion of discovery will yield material and relevant evidence” (Zinter Handling, Inc. v Britton, 46 AD3d 998, 1001 [2007]; accord Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1222 [2010]). Supreme Court had all the relevant documents before it, and plaintiffs claim that a deposition of Mazzei might yield further evidence is mere speculation. Accordingly, Supreme Court properly denied the cross mo *1119 tion (see CPLR 3212 [f]; Stoian v Reed, 66 AD3d 1278, 1280-1281 [2009]; Fleischman v Peacock Water Co., Inc., 51 AD3d 1203, 1205 [2008]).
Rose, J.P, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

 The notes did not mention the IRA.