Goldberg v Meyers (2020 NY Slip Op 01602)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Goldberg v Meyers

2020 NY Slip Op 01602

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-07873
2017-11012
(Index No. 13804/15)

[*1]Jason Goldberg, etc., respondent, 
vBarrie Meyers, etc., et al., appellants.

Andrew J. Spinell, LLC, New York, NY, for appellants.
Peter G. Gray, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to rescind certain deeds as invalid, the defendants appeal from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 12, 2017, and (2) an order of the same court dated September 8, 2017. The order and judgment, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint and rescinded the subject deeds as invalid. The order, insofar as appealed from, denied that branch of the defendants' motion which was for leave to renew their opposition to the plaintiff's prior motion.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment on the complaint is denied; and it is further,
ORDERED that the appeal from the order is dismissed as academic in light of our determination on the appeal from the order and judgment; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff and the defendant Barrie Meyers (hereinafter Barrie) are the adult children of the decedent Beverly Tuzzolino (hereinafter Beverly). On May 31, 2006, Beverly executed a durable power of attorney in favor of Barrie for purposes which included real estate transactions. By deed dated August 5, 2011, Barrie, as attorney-in-fact for Beverly, transferred Beverly's premises on 79th Street in Brooklyn to herself. Beverly died 13 months later. By deed dated October 10, 2012, Barrie transferred the premises to herself and her husband, the defendant Paul Meyers, as tenants by the entirety.
In November 2015, the plaintiff commenced this action to rescind the deeds as invalid so that the property would pass equally to the siblings. The plaintiff moved, inter alia, for summary judgment on the complaint. The defendants cross-moved for summary judgment dismissing the complaint. In an order and judgment dated June 12, 2017, the Supreme Court, among other things, granted the plaintiff's motion, denied the defendants' cross motion, and rescinded the deeds as invalid. The defendants thereafter moved, inter alia, for leave to renew their opposition to the [*2]plaintiff's prior motion. In an order dated September 8, 2017, the court denied the defendants' motion. The defendants appeal.
"[A]bsent a specific provision in the power of attorney document authorizing gifts, an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, may not make a gift to himself [or herself] or a third party of the money or property which is the subject of the agency relationship" (Scotti v Barrett, 149 AD3d 998, 999 [internal quotation marks omitted]; see General Obligations Law §§ 5-1505[2][a][2]; 5-1514[4][b]; Matter of Curtis, 83 AD3d 1182, 1183; Matter of Audrey Carlson Revocable Trust, 59 AD3d 538, 540). "Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift" (Matter of Audrey Carlson Revocable Trust, 59 AD3d at 540 [internal quotation marks omitted]; see Matter of Boatwright, 114 AD3d 856, 859; Matter of Roth, 283 AD2d 504, 504). Further, gifts of the principal's assets must be in the best interest of the principal (see Matter of Ferrara, 7 NY3d 244, 254).
Here, the plaintiff established his prima facie entitlement to summary judgment on the complaint by, among other things, demonstrating that the power of attorney given by Beverly to Barrie did not contain the required statutory gift rider (see General Obligations Law §§ 5-1505[2][a][2]; 5-1514[4][b]). However, viewing the evidence in the light most favorable to the defendants, with all reasonable inferences resolved in their favor (see Emigrant Bank v Drimmer, 171 AD3d 1132, 1134), the affidavits submitted by the defendants in opposition to the motion raised triable issues of fact as to whether the transfer of the premises to Barrie was intended by Beverly and was for Beverly's benefit (see Scotti v Barrett, 149 AD3d at 999; Matter of Masterson, 46 AD3d 1091, 1092). Contrary to the Supreme Court's determination, the affidavits did not merely speak to Beverly's intent for the premises upon her death (cf. Marszal v Anderson, 9 AD3d 711, 713-714). Rather, the affidavits of Barrie and of Beverly's attorney asserted that Beverly expressed an intent that the premises be transferred during her lifetime to Barrie.
Moreover, the defendants' submissions raised a triable issue of fact as to whether the plaintiff's complaint should be barred by the doctrine of laches due to his three-year delay in commencing the action after Beverly's death, while the defendants continued to maintain the premises at their own expense (see White v Priester, 78 AD3d 1169, 1171; Waldman v 853 St. Nicholas Realty Corp., 64 AD3d 585, 588; Richardson v Vajiradhammapadip Temple, 24 AD3d 649, 649-650).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint.
The defendants' remaining contentions are not properly before this Court.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court