Matter of Tuzzolino (2022 NY Slip Op 04967)

Matter of Tuzzolino

2022 NY Slip Op 04967

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2018-05087

[*1]In the Matter of Beverly Tuzzolino, deceased. Jason Goldberg, respondent; Barrie Meyers, appellant. (File No. 4436/15)

Law Offices of Andrew J. Spinnell, LLC, New York, NY, for appellant.
Peter G. Gray, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding to set aside a deed to certain real property, Barrie Meyers appeals from a decree of the Surrogate's Court, Kings County (Margarita Lopez Torres, S.), dated March 1, 2018. The decree, upon an order of the same court dated February 2, 2018, inter alia, granting the petitioner's motion for summary judgment on the petition, set aside the subject deed.
ORDERED that the decree is reversed, on the law, with costs, the petitioner's motion for summary judgment on the petition is denied, and the order dated February 2, 2018, is modified accordingly.
The petitioner, Jason Goldberg, and the objectant, Barrie Meyers, are the adult children of the decedent, Beverly Tuzzolino (hereinafter Beverly). On May 31, 2006, Beverly executed a durable power of attorney in favor of Meyers for purposes including real estate transactions. The power of attorney authorized every power listed, including lifetime gifts up to the gift tax exclusion amount and a catch-all authorization for "all other matters." Following the 2009 amendments to the General Obligations Law (see L 2008, ch 644, as amended by L 2009, ch 4, § 1 [eff Sept. 1, 2009]), the power of attorney was not amended to include a statutory gifts rider (see General Obligations Law former § 5-1514[4][b]). By deed dated September 4, 2012, Meyers, as attorney-in-fact for Beverly, transferred Beverly's one-sixth interest in certain premises in Manhattan to herself. Beverly died the following day.
Goldberg, as the administrator of Beverly's estate, commenced this proceeding to set aside the deed. The petition alleged that the transfer was invalid as a self-dealing gift only benefitting Meyers, and further alleged that Meyers improperly effectuated the transfer after Beverly's death. Goldberg moved for summary judgment on the petition, and Meyers cross-moved to stay consideration of the motion pending, among other things, this Court's determination of an appeal in a related action (see Goldberg v Meyers, 181 AD3d 653). In an order dated February 2, 2018, the Surrogate's Court denied Meyer's cross motion and granted Goldberg's motion. The court, in effect, determined that the 2009 amendments to the General Obligations Law abrogated the presumption of impropriety which applied to self-gifts (see Matter of Audrey Carlson Revocable Trust, 59 AD3d 538, 540), and, pursuant to General Obligations Law § 5-1505(2)(a)(2), Meyers lacked the authority to make the transfer in the absence of express authorization in the power of attorney. The court subsequently entered a decree setting aside the deed. Meyers appeals.
Under the common law, it was well established that "[a]bsent a specific provision in the power of attorney document authorizing gifts, an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, may not make a gift to himself [or herself] or a third party of the money or property which is the subject of the agency relationship" (Marszal v Anderson, 9 AD3d 711, 712-713 [citation and internal quotation marks omitted]; see Matter of Curtis, 83 AD3d 1182, 1183; Matter of Audrey Carlson Revocable Trust, 59 AD3d at 540). "Such a gift carries with it a presumption of impropriety and self-dealing, a presumption which can be overcome only with the clearest showing of intent on the part of the principal to make the gift" (Matter of Audrey Carlson Revocable Trust, 59 AD3d at 540 [internal quotation marks omitted]; see Matter of Boatwright, 114 AD3d 856, 859; Matter of Masterson, 46 AD3d 1091, 1092; Matter of Roth, 283 AD2d 504, 504; Semmler v Naples, 166 AD2d 751, 752). Further, gifts of the principal's assets must be in the best interest of the principal (see Matter of Ferrara, 7 NY3d 244, 254).
The 2009 amendments to the General Obligations Law created new provisions pertaining to powers of attorney, including General Obligations Law § 5-1505, concerning the standard of care and fiduciary duties. That statute includes a provision that "[t]he agent may not make gifts of the principal's property to himself or herself without specific authorization in a power of attorney" (id. § 5-1505[2][a][2]). A newly created section 5-1514 created a required statutory gifts rider which could be appended to a power of attorney to specifically authorize self-gifts (see id. former § 5-1514; see also L 2020, ch 323 [eff June 13, 2021] [repealing section 5-1514 in favor of authorization provided in the modifications section of a power of attorney]). The amendments provided that certain sections, including section 5-1505, but not former section 5-1514, would apply to powers of attorney executed prior to its effective date (see L 2008, ch 644, § 21, as amended by L 2009, ch 4, § 1). Courts continue to apply the presumption where the power of attorney was executed, and the disputed transfers were made, prior to the 2009 amendments (see Borders v Borders, 128 AD3d 1542, 1543; Matter of Boatwright, 114 AD3d at 859; Matter of Curtis, 83 AD3d at 1183).
It is a canon of statutory construction to disfavor interpretations that overrule the common law (see Matter of O'Donnell v Erie County, 35 NY3d 14, 21). "The Legislature is . . . presumed to be aware of the decisional and statute law in existence at the time of an enactment, and to have abrogated the common law only to the extent that the clear import of the language used in the statute requires" (Arbegast v Board of Educ. of S. New Berlin Cent. School, 65 NY2d 161, 169 [citations omitted]; see Simmons v Trans Express Inc., 37 NY3d 107, 114; Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc., 3 NY3d 200, 206). Where, as here, the power of attorney was executed prior to the effective date of the amendments, and provided the agent with all powers listed, we conclude that the 2009 amendments did not abrogate the presumption of impropriety as to disputed transfers which occurred after the effective date of the amendments (see Scotti v Barrett, 149 AD3d 998, 999; Seligman v Atlas, 2013 NY Slip Op 32137[U] [Sup Ct, NY County]; Matter of Walter K.H., 31 Misc 3d 1233[A], 2011 NY Slip Op 50969[U] [Sup Ct, Erie County]; cf. Jacobs v Mazzei, 112 AD3d 1115, 1116). General Obligations Law § 5-1505(2)(a)(2) utilizes the same language prohibiting self-gifts without specific authorization as was utilized in the cases preceding the amendments, which applied the presumption against such self-gifts (see e.g. Matter of Audrey Carlson Revocable Trust, 59 AD3d at 540; Marszal v Anderson, 9 AD3d at 712-713). Further, the requirement for a statutory gift rider was not applicable to powers of attorney executed prior to the effective date of the amendments (see General Obligations Law former § 5-1514; L 2008, ch 644, § 21, as amended by L 2009, ch 4, § 1). Accordingly, the Surrogate's Court erred in determining that the subject transfer was per se invalid under the statute.
Goldberg established his prima facie entitlement to judgment as a matter of law on the petition by, among other things, demonstrating that the power of attorney given by Beverly to Meyers did not contain the required statutory gift rider (see General Obligations Law §§ 5-1505[2][a][2]; former 5-1514[4][b]). However, viewing the evidence in the light most favorable to Meyers, with all reasonable inferences resolved in her favor (see Emigrant Bank v Drimmer, 171 AD3d 1132, 1134), the affidavits submitted by Meyers in opposition to the motion raised triable issues of fact as to whether the transfer of the premises to Meyers was intended by Beverly and was for Beverly's benefit (see Goldberg v Meyers, 181 AD3d at 654; Scotti v Barrett, 149 AD3d at 999; [*2]Matter of Masterson, 46 AD3d at 1092). Further, contrary to Goldberg's contention, he was not entitled to judgment as a matter of law on the petition based upon the issues regarding the timing of the recording of the deed, as the parties' submissions raised triable issues of fact as to his allegation that Meyers actually signed the deed and transfer documents after Beverly's death, which must be determined at a hearing (see General Obligations Law § 5-1511[1][a]).
Accordingly, the Surrogate's Court should have denied Goldberg's motion for summary judgment on the petition.
The parties' contentions regarding the denial of Meyers' cross motion for a stay have been rendered academic by this Court's issuance of its determination on the related appeal (see Goldberg v Meyers, 181 AD3d 653).
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court