McGee v St. James Prop. Holding Corp. (2023 NY Slip Op 03459)

McGee v St. James Prop. Holding Corp.

2023 NY Slip Op 03459

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-04191
 (Index No. 511729/18)

[*1]Marlon McGee, etc., respondent, 
v
St. James Property Holding Corp., appellant, et al., defendant.

Avinoam Rosenfeld, Lawrence, NY, for appellant.
Jason J. Rebhun, P.C., New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that a deed dated April 14, 2015, is null and void, the defendant St. James Property Holding Corp. appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated February 20, 2020. The order, in effect, granted the plaintiff's motion for leave to reargue his prior motion for summary judgment, in effect, declaring that the deed dated April 14, 2015, is null and void, which had been denied in an order of the same court dated May 31, 2019, and, upon reargument, in effect, vacated the order dated May 31, 2019, and thereupon granted the plaintiff's prior motion.
ORDERED that the order dated February 20, 2020, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to reargue his prior motion for summary judgment, in effect, declaring that the deed dated April 14, 2015, is null and void is denied, and the order dated May 31, 2019, is reinstated.
On March 21, 2015, the plaintiff executed a power of attorney appointing the defendant Mariehelene Attwood as his agent for real estate transactions. On April 14, 2015, Attwood, as the plaintiff's agent, executed a deed conveying certain real property to the defendant St. James Property Holding Corp. (hereinafter St. James). In 2018, the plaintiff commenced this action against the defendants, inter alia, for a judgment declaring that the deed is null and void on the ground that Attwood, as the plaintiff's attorney-in-fact, had improperly gifted the property to St. James. The defendants interposed an answer in which they alleged, inter alia, that the plaintiff had received good and valuable consideration in exchange for conveying the property to St. James, and asserted various affirmative defenses, including laches.
Subsequently, the plaintiff moved for summary judgment, in effect, declaring that the deed is null and void. In an order dated May 31, 2019, the Supreme Court denied the plaintiff's motion. Thereafter, the plaintiff moved for leave to reargue his prior motion for summary judgment. In an order dated February 20, 2020, the court, in effect, granted the plaintiff's motion for leave to reargue and, upon reargument, in effect, vacated the order dated May 31, 2019, and thereupon granted the plaintiff's prior motion for summary judgment. St. James appeals.
The Supreme Court erred in granting the plaintiff's motion for leave to reargue. The plaintiff did not establish that the court had overlooked or misapprehended the law or the facts in [*2]denying his prior motion for summary judgment, in effect, declaring that the deed is null and void (see CPLR 2221[d][2]; Collins v Stone, 8 AD3d 321, 322).
Absent specific authorization in the power of attorney, an attorney-in-fact, in exercising his or her fiduciary responsibilities to the principal, may not make a gift to himself or herself or to a third party of the property that is the subject of the agency relationship (see Goldberg v Meyers, 181 AD3d 653, 654; Scotti v Barrett, 149 AD3d 998, 999; Matter of Audrey Carlson Revocable Trust, 59 AD3d 538, 540; see also General Obligations Law §§ 5-1505[2][a][2]; 5-1513). Such a gift carries with it a presumption of impropriety and self-dealing that can be overcome only with the clearest showing of intent on the part of the principal to make the gift (see Goldberg v Meyers, 181 AD3d at 654; Matter of Audrey Carlson Revocable Trust, 59 AD3d at 540).
Here, in support of his motion for summary judgment, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law declaring that the deed is null and void by submitting evidence that the power of attorney did not grant Attwood gift-making authority and that Attwood used the power of attorney to gift the subject property to St. James (see Goldberg v Meyers, 181 AD3d at 654; Scotti v Barrett, 149 AD3d at 999-1000).
However, viewing the evidence in the light most favorable to St. James, with all reasonable inferences resolved in its favor (see generally Derise v Jaak 773, Inc., 127 AD3d 1011, 1011), the evidence submitted by St. James in opposition to the plaintiff's motion raised triable issues of fact as to whether the transaction was in fact a gift, or whether the plaintiff had previously agreed to sell the property to St. James and received consideration with respect thereto (cf. Moglia v Moglia, 144 AD2d 347, 348). Moreover, St. James's submissions raised a triable issue of fact as to whether the amended complaint should be barred by the doctrine of laches due to the plaintiff's approximately three-year delay in commencing the action after the deed was recorded, while St. James continued to expend money to repair and renovate the property (see Goldberg v Meyers, 181 AD3d at 655; White v Priester, 78 AD3d 1169, 1171).
Accordingly, the Supreme Court should have denied the plaintiff's motion for leave to reargue his prior motion for summary judgment, in effect, declaring that the deed is null and void.
In light of our determination, we need not address St. James's remaining contention.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court