Matter of Morataya (Shahid) (2021 NY Slip Op 50297(U))

[*1]

Morataya, Matter of (Shahid)

2021 NY Slip Op 50297(U) [71 Misc 3d 130(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through April 19, 2021; it will
not be published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1447 K C

In the Matter of Loreen Morataya, et al.,
Respondents.
Abdus Shahid and Halima Ansari, Appellants; Nikolaos Leonardos, Respondent.

Abdus Shahid, appellant pro se.
Halima Ansari, appellant pro se (no brief filed).
Slochowsky & Slochowsky, LLP (Charles Loveless of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Jeannine B.
Kuzniewski, J.), dated June 11, 2018. The order denied landlords' motion to discharge an RPAPL
article 7-A administrator, granted the 7-A administrator's cross motion for sanctions, and denied
landlords' "cross motion" for sanctions, in an RPAPL article 7-A proceeding.

ORDERED that so much of the appeal as was taken by landlord Halima Ansari is dismissed
for failure to perfect; and it is further,
ORDERED that the order, insofar as reviewed, is modified by reducing the award of
sanctions from $10,000 to $2,500; as so modified, the order, insofar as reviewed, is affirmed,
without costs.
After a nonjury trial in this proceeding for the appointment of an administrator pursuant to
RPAPL 778 (a 7-A administrator), the Civil Court found, in a decision dated July 18, 2011, that
the appointment of a 7-A administrator was warranted based on landlords' failure to responsibly
maintain the building. A judgment was entered on July 18, 2011, pursuant to the decision,
appointing a 7-A administrator. 
Landlords then filed a series of motions to discharge the 7-A administrator, Nikolaos
Leonardos, and several motions to renew and reargue, all of which were denied. Landlords also
filed two actions in Supreme Court seeking a total of $140,000,000 in damages against Mr. [*2]Leonardos. After the two actions had been consolidated and a
nonjury trial conducted, the Supreme Court dismissed the actions, finding that, among other
things, the subject building was in a "deplorable condition" before Mr. Leonardos had been
appointed and that Mr. Leonardos was performing his duties appropriately. Landlords then filed
the instant motion to discharge the 7-A administrator, and asserted various arguments, including
that Mr. Leonardos was in a conspiracy with tenants, that the Department of Housing
Preservation and Development violation reports were fraudulent, and that Mr. Leonardos had
"evil motives," was attempting to foreclose on the property, and has improperly retained all rental
income. Mr. Leonardos opposed landlords' motion and cross-moved for sanctions pursuant to
Rules of the Chief Administrator of the Courts (22 NYCRR) § 130.1.1. Landlords then
"cross-moved" for sanctions against Mr. Leonardos pursuant to that section. 
In an order dated June 11, 2018, the Civil Court (Jeannine B. Kuzniewski, J.) denied
landlords' motion and "cross motion" and granted Mr. Leonardos's cross motion for sanctions.
The Civil Court stated that it was disregarding landlords' arguments relating to the initial
appointment of the 7-A administrator, as they had already been addressed after the trial in this
proceeding, that the remainder of landlords' arguments mirror previous arguments made and
previously addressed by the Civil Court and the Supreme Court, and that landlords' attempt to
reassert the same arguments constituted an abuse of process. With respect to Mr. Leonardos's
cross motion for sanctions, the Civil Court found that, since the court had appointed the 7-A
administrator, landlords had filed 17 motions seeking to have the 7-A administrator discharged
and had "repeatedly assert[ed] the same argument over again despite the court having issued
definitive and multiple rulings," and therefore landlords' latest motions were frivolous. The two
motions by landlords were "completely without factual merit and are unsupported by a
reasonable argument for an extension, modification, or reversal of existing law." As such, the
Civil Court awarded the 7-A administrator $5,000 for each of landlords' motions pending before
the court, for a total of $10,000. 
Landlords utterly failed to make a prima facie showing to discharge the 7-A administrator
(see RPAPL 778 [1] [a-e]; [11]; Department of Hous. Preserv. & Dev. of City of
NY v St. Thomas Equities Corp., 128 Misc 2d 645, 649-650 [App Term, 2d Dept, 2d &
11th Jud Dists 1983]; see also Gonzales
v Zinner, 25 Misc 3d 139[A], 2009 NY Slip Op 52388[U] [App Term, 1st Dept 2009]).
Furthermore, a review of the prior orders, particularly the Supreme Court's decision after trial
dated October 25, 2017 and the Civil Court's order dated July 13, 2016 denying landlords' motion
for reargument or renewal on their prior motion to discharge the 7-A administrator, shows that
the Civil Court and the Supreme Court had previously addressed each of the arguments set forth
by landlords in the current motion to discharge the 7-A administrator. As such, the Civil Court
properly denied landlords' motion to discharge the 7-A administrator, denied landlords' "cross
motion" for sanctions, and found that landlords' motions were frivolous (see Rules of
Chief Admin of Cts [22 NYCRR] 130-1.1 [c]). We find that a sanction of only $2,500, $1,250
for each motion, is warranted under the circumstance presented (see Rules of Chief
Admin of Cts [22 NYCRR] § 130-1.1 [a]).
While landlords acted in concert below, and both landlords have appealed, only Abdus
Shahid has filed a brief. Thus, so much of the appeal as was taken by Halima Ansari is dismissed
for failure to perfect. However, since landlords have "a united and inseverable interest" (Gottlieb [*3]v Gottlieb, 137 AD3d 614, 615 [2016]) in the award of
sanctions, this is a situation in which it is necessary for a nonappealing party to benefit from
relief awarded to an appealing party (see Cover v Cohen, 61 NY2d 261 [1984]; Hecht
v City of New York, 60 NY2d 57 [1983]; Lakewood Const. Co., Inc. v Brody, 1
AD3d 1007 [2003]). 
Accordingly, the order, insofar as reviewed, is modified by reducing the award of sanctions
from $10,000 to $2,500. 
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk

Decision Date: April 9, 2021