Matter of Klenfner (Shahid) (2021 NY Slip Op 50298(U))

[*1]

Klenfner, Matter of (Shahid)

2021 NY Slip Op 50298(U) [71 Misc 3d 130(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through April 19, 2021; it will
not be published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-5 K C

In the Matter of Kate Klenfner, et al.,
Respondents.
Abdus Shahid and Halima Ansari, Appellants. 

Abdus Shahid, appellant pro se.
Halima Ansari, appellant pro se (no brief filed).
The Legal Aid Society (Janet Sabel and Stephen Myers of counsel), for respondents.

Appeals from orders of the Civil Court of the City of New York, Kings County (Jeannine B.
Kuzniewski, J.), dated June 26, 2018 and August 24, 2018, respectively. The order dated June
26, 2018 denied landlords' motion to discharge an RPAPL article 7-A administrator and granted
tenants' cross motion for sanctions, in an RPAPL article 7-A proceeding. The order dated August
24, 2018 awarded tenants $7,335 in attorneys' fees.

ORDERED that so much of the appeals as was taken by landlord Halima Ansari is dismissed
for failure to perfect; and it is further,
ORDERED that the orders, insofar as reviewed, are affirmed, without costs. 
After a nonjury trial in this proceeding for the appointment of an administrator pursuant to
RPAPL 778 (a 7-A administrator), the Civil Court found, in a decision dated August 11, 2017,
that the appointment of a 7-A administrator was warranted based on the credible testimony of
tenants regarding numerous repair issues, landlords' failure to provide essential services, and
landlords' harassment of tenants. A judgment was entered on October 10, 2017, pursuant to the
decision, appointing a 7-A administrator. (Although landlords filed notices of appeal from the
August 11, 2017 decision and the October 10, 2017 judgment, landlords later withdrew those
appeals.) 
A little more than two months after the 7-A administrator had been appointed, landlords
[*2]moved to discharge the administrator, alleging largely the
same arguments that they had presented at the trial, along with unsubstantiated allegations that
the 7-A administrator had "evil motives" and had tampered with the building's boiler in an
attempt to cause it to explode and kill the building's tenants, which include landlords. Tenants
opposed landlords' motion and cross-moved for sanctions, pursuant to Rules of the Chief
Administrator of the Courts (22 NYCRR) § 130.1.1, awarding tenants the attorneys' fees
they had incurred in opposing landlords' motion and preparing the cross motion.
In an order dated June 26, 2018, the Civil Court (Jeannine B. Kuzniewski, J.) denied
landlords' motion and granted tenants' cross motion. The court found that the majority of
landlords' moving papers asserted facts and arguments that were the subject of the trial that had
resulted in the appointment of the administrator. As such, the court did not consider those
assertions. The court also found that the remainder of the assertions had no credible supporting
evidence. The court further found that landlords had failed to put forth any argument that,
pursuant to statute or case law, would warrant the discharge of the 7-A administrator, and thus
their motion fell within the definition of frivolous conduct, particularly because landlords had
previously made numerous unsuccessful motions to discharge a 7-A administrator appointed in a
prior proceeding, of which the Civil Court took judicial notice. The court set the matter down for
a hearing on the amount of legal fees to be awarded to tenants. After the hearing, in an order
dated August 24, 2018, the Civil Court awarded tenants $7,335 in reasonable attorneys' fees.

As only Abdus Shahid (landlord) has submitted a brief on appeal, we dismiss so much of the
appeals as was taken by Halima Ansari for failure to perfect.
We affirm both orders, insofar as reviewed, for the reasons stated by the Civil Court.
Landlord utterly failed to make a prima facie showing to discharge the 7-A administrator (see
RPAPL 778 [1] [a-e]; [11]; Department of Hous. Preserv. & Dev. of City of NY v
St. Thomas Equities Corp., 128 Misc 2d 645, 649-650 [App Term, 2d Dept, 2d & 11th
Jud Dists 1983]; see also Gonzales v
Zinner, 25 Misc 3d 139[A], 2009 NY Slip Op 52388[U] [App Term, 1st Dept 2009])
although he had previously made numerous motions to discharge a 7-A administrator and was
familiar with the requirements of such a motion. Instead, landlord repeated the arguments that the
Civil Court had already rejected after trial and asserted unsubstantiated allegations against the
7-A administrator. As such, the motion was frivolous (see Rules of Chief Admin of Cts
[22 NYCRR] 130-1.1 [c]), and the Civil Court properly awarded tenants the attorneys' fees they
had incurred in opposing landlord's motion and in moving for sanctions (see Rules of
Chief Admin of Cts [22 NYCRR] § 130-1.1 [a]).
While landlord puts forth numerous arguments on appeal, landlord did not make any
argument in the Civil Court with respect to the hearing on, or award of, a particular amount of
attorneys' fees. In any event, given the hours expended in order to oppose landlord's motion and
prepare tenants' cross motion, the level of experience that The Legal Aid Society attorney had,
and the comparable fees charged by tenants' attorneys generally with similar experience levels,
the record supports the Civil Court's finding to award tenants $7,335 in attorneys' fees. 
We do not consider any matters which are dehors the record (see Chimarios v Duhl,
152 AD2d 508 [1989]).
Accordingly, the orders, insofar as reviewed, are affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 9, 2021