Matter of Commissioner of Dept. of Hous. Preserv. & Dev. of City of N.Y. (Wyckoff Holdings NY LLC) (2025 NY Slip Op 25039)

[*1]

Matter of Commissioner of Dept. of Hous. Preserv. & Dev. of City of N.Y. (Wyckoff Holdings NY LLC)

2025 NY Slip Op 25039

Decided on February 14, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on February 14, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2023-1319 K C

In the Matter of the Application of the Commissioner 
 of the Department of Housing Preservation and Development of the City of New York, Appellant, 
 For a judgment pursuant to Article 7A of the Real Property Actions and Proceedings Law 
 Appointing a Court-Designated Administrator for the premises known as 
 138 Wyckoff Avenue, Brooklyn, New York, 11222 (Block 03270, Lot 0035, Kings County).
Wyckoff Holdings NY LLC, Respondent. Nikolaos Leonardos, Article 7-A Administrator. 

Corporation Counsel of the City of New York (Janet L. Zaleon of counsel), for appellant.
Kucker Marino Winiarsky & Bittens, LLP (Lisa Faham of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Remy Smith, J.), dated October 11, 2023. The order granted Wyckoff Holdings NY LLC's motion to discharge an RPAPL article 7-A administrator and for ancillary relief.

ORDERED that, on the court's own motion, Wyckoff Holdings NY LLC is substituted for Wyckoff Heights Properties LLC, which appeared in this proceeding as the owner of the subject property at the time the proceeding was commenced; and it is further,
ORDERED that the order is reversed, without costs, and Wyckoff Holdings NY LLC's motion to discharge an RPAPL article 7-A administrator and for ancillary relief is denied. 
After a nonjury trial in this proceeding for the appointment of an RPAPL article 7-A administrator (see RPAPL 778), at which Wyckoff Heights Properties LLC appeared as the owner of the premises, the Civil Court (Jack Stoller, J.) held, in a decision and order dated June 6, 2022, that the appointment of a 7-A administrator was warranted. On July 8, 2022, the court [*2]appointed Nikolaos Leonardos. In January 2023, Wyckoff Holdings NY LLC (owner) purchased the premises from Wyckoff Heights Properties LLC. Subsequently, owner moved to discharge the 7-A administrator and for ancillary relief, claiming that it was ready, willing, and able to commence work to remedy the condition of the premises, including the 46 outstanding violations, and submitted a proposal from a contractor with a total cost of $62,400. In affidavits dated May 30, 2023 and September 20, 2023, owner's agent represented that owner owed HPD "roughly $130,000" and that it was "ready willing and able to pay these monies due to HPD." Owner also provided a letter from a bank stating that owner had $300,000 in its account as of August 30, 2023, and receipts showing payment of nearly all property taxes due at the time. The Department of Housing Preservation and Development of the City of New York (HPD) and the 7-A administrator each opposed the motion, arguing, among other things, that owner had not demonstrated that the violations had been corrected or that it had a plan, or the necessary funds, for the continued operation and maintenance of the premises. HPD submitted, among other things, proof that the cost to make necessary repairs to the building was $572,530 with a scope of work significantly more comprehensive than the proposal submitted by owner. 
In an order dated October 11, 2023, from which HPD appeals, the Civil Court (Remy Smith, J.) granted owner's motion to discharge the 7-A administrator on the ground that owner had demonstrated that it had "paid the charges levied by the City of New York in full" in accordance with RPAPL 778 (11). The order also granted owner's request for ancillary relief to the extent that the 7-A administrator was directed to disburse funds and present his books and records to owner in accordance with the July 8, 2022 order.
As a preliminary matter, on the court's own motion, Wyckoff Holdings NY LLC is substituted in this proceeding for Wyckoff Heights Properties LLC (see CCA 110 [d];CPLR 401, 1003, 1018, 1021; 940 St. Nicholas Ave. Tenants Assn. v Dixon,NYLJ, May 20, 1985 at 13, col 5 [App Term, 1st Dept 1985]; see also Estate of Benitez v City of New York, 193 AD3d 42, 49-50 [2021]; Durrant v Kelly, 186 AD2d 237, 238 [1992]). 
Under the common law, an owner seeking to discharge a 7-A administrator was required to make "a prima facie showing that the reasons for the appointment no longer exist[ed]" (Swallow v Schnipper,NYLJ, Sept. 21, 1984 at 14, col 4 [App Term, 2d Dept, 2d & 11th Jud Dists 1984]; see Gonzales v Zinner, 25 Misc 3d 139[A], 2009 NY Slip Op 52388[U], *1 [App Term, 1st Dept 2009]; 940 St. Nicholas Ave. Tenants Assn. v Dixon,NYLJ, May 20, 1985 at 13, col 5; see also Matter of Klenfner [Shahid], 71 Misc 3d 130[A], 2021 NY Slip Op 50298[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Matter of Morataya [Shahid], 71 Misc 3d 130[A], 2021 NY Slip Op 50297[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). More specifically, the owner "would have to demonstrate to the trial court that repairs have been made or essential services provided and that there is a plan for the continued maintenance of the building" (Swallow v Schnipper,NYLJ, Sept. 21, 1984 at 14, col 4; see Gonzales v Zinner, 2009 NY Slip Op 52388[U], *1; 940 St. Nicholas Ave. Tenants Assn. v Dixon,NYLJ, May 20, 1985 at 13, col 5; see also Matter of Morataya [Shahid], 2021 NY Slip Op 50297[U]). In 2013, RPAPL 778 (11) was enacted, which imposed a prerequisite that an owner had to satisfy before a court [*3]could discharge a 7-A administrator. Pursuant to RPAPL 778 (11), "[t]he court may only discharge a[] [7-A] administrator if the owner has paid in full or entered into a payment agreement to pay in full all outstanding" liens, etc., specified in the statute. 
At issue on this appeal is whether the enactment of RPAPL 778 (11) replaced the common law criteria for discharging a 7-A administrator. "It is a canon of statutory construction to disfavor interpretations that overrule the common law" (Matter of Tuzzolino, 208 AD3d 664, 666 [2022]; see Matter of O'Donnell v Erie County, 35 NY3d 14, 21 [2020]). "The Legislature is . . . presumed to be aware of the decisional and statute law in existence at the time of an enactment, and to have abrogated the common law only to the extent that the clear import of the language used in the statute requires" (Arbegast v Board of Educ. of S. New Berlin Cent. School, 65 NY2d 161, 169 [1985] [citations omitted]; see Simmons v Trans Express Inc., 37 NY3d 107, 114 [2021]; Matter of Tuzzolino, 208 AD3d at 666). Here, the language in RPAPL 778 (11) does not clearly indicate that the Legislature intended to abrogate the common law criteria for discharging a 7-A administrator, as the statute does not state that the submission of proof of payment of the liens and charges enumerated in the statute is the only prerequisite. Consequently, we conclude that the enactment of RPAPL 778 (11) did not replace the common law requirements for discharging a 7-A administrator (see Matter of Araujo v Cundel Realty Co. Inc., 70 Misc 3d 950 [Civ Ct, NY County 2020]), but merely added to them.
Upon a review of the record, we find that owner failed to make the requisite prima facie showing to discharge the 7-A administrator, as there were 46 outstanding violations at the premises. Even assuming, without deciding, that a contractor's proposal to cure the violations could be sufficient to satisfy the common law requirements, here the proposal did not unequivocally demonstrate that the proposed work would remedy the structural issues at the premises that necessitated the appointment of the 7-A administrator (see e.g. Gonzales v Zinner, 2009 NY Slip Op 52388[U], *1; 940 St. Nicholas Ave. Tenants Assn. v Dixon,NYLJ, May 20, 1985 at 13, col 5; Swallow v Schnipper,NYLJ, Sept. 21, 1984 at 14, col 4). Further, the record does not sufficiently demonstrate that owner had the financial means "for the continued maintenance of the building" (Swallow v Schnipper,NYLJ, Sept. 21, 1984 at 14, col 4). In view of the foregoing, we need not pass upon any other issue. 
Accordingly, the order is reversed and owner's motion to discharge the RPAPL article 7-A administrator and for ancillary relief is denied.
BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 14, 2025